UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff<br><br>v.<br><br>RESEARCH, DEVELOPMENT AND TECHNICAL EMPLOYEES UNION,<br><br>    Defendant | Civ. No. 12-11315 |

**ANSWER**

1. Admitted.

2. Admitted. Answering further, the RDTEU also represents those MIT employees for the purposes of contract enforcement and administration, inter alia.

3. No response is required to this paragraph.

4. Admitted.

5. No response is required to this paragraph, which purports to explain MIT's action. To an extent a reply is required, denied. Answering further, MIT imposed discipline in response to an alleged employment infraction, and now improperly seeks to remove from arbitral review part of the penalty it imposed on the grievant. Answering further, this is a garden-variety labor arbitration and it should not be before this court.

6. As to the first sentence, admitted that the RDTEU has filed a demand for arbitration, which speaks for itself; otherwise denied. As to the second sentence, admitted. Answering further, Ms. Rice continues to work in other restricted areas on nuclear material. As to the third sentence, admitted only that Ms. Rice was transferred from the Laboratory as part of the discipline imposed on her. Answering further, the duties in the Laboratory were those she was hired for, and access to the Restricted Area was a feature of the position. As to the fourth sentence, denied. As to the fifth sentence, denied. As to the sixth sentence, denied.

7. Denied. Answering further, at most, MIT anticipates that it will dispute a remedy that the Arbitrator may or may not award pursuant to the terms of the collective bargaining agreement between the parties. Answering further, the Arbitrator can hold any such remedy in abeyance, upon application, so that timely review may be sought in this Court. Answering further, there are no other extant disputes between the parties in which MIT has made this argument, so the possibility that this fact pattern may arise again is speculative at best.

8. Admitted. Answering further, the Laboratory is part of MIT for the purposes of collective bargaining, and in particular for the purposes of the collective bargaining agreement between MIT and the RDTEU (Exhibit 4 to Complaint).

9. Admitted. Answering further, the U.S. Nuclear Regulatory Commission had no part in the decision to impose discipline upon Ms. Rice, including the decision to transfer her from the Laboratory.

10. Admitted. Answering further, the Laboratory must comply with the terms and conditions of the collective bargaining agreement between MIT and the RDTEU.

11. Admitted. Answering further, the grievant has always met the standards set by the U.S. Nuclear Regulatory Commission.

12. Admitted that the described Order was issued; otherwise, the Order speaks for itself. Answering further, Ms. Rice has not at any time adversely affected the common defense and security or the public health and safety.

13. Admitted.

14. Admitted.

15. The Order speaks for itself. To the extent this paragraph suggests that MIT's determinations are unreviewable, denied.

16. Admitted.

17. Admitted, except that Ms. Rice is employed by MIT and works in EHS. Answering further, she was hired as a Senior Technician in January 2001 and was assigned to the NRL; within a year, she was promoted to the position of Project Technician (EHS).

18. Admitted, except that Ms. Rice is employed by MIT.

19. As to the first sentence, admitted only that on or about September 1, 2009, Frank Warmsley III made such a complaint to Edward Lau; otherwise, denied. As to the second sentence, denied. As to the third sentence, admitted only that MIT's Human Resources Department conducted such an investigation, and that Ms. Rice was initially placed on paid administrative leave; otherwise, denied.

20. Admitted. Answering further, Ms. Rice was on administrative leave, and had no access to any work area.

21. Admitted that Ms. Rice was interviewed twice by Lianne Shields. Otherwise, denied. Answering further, the purported quotations attributed to Ms. Rice are not direct quotes, and at the interviews, Ms. Rice said more than is recounted in this paragraph. The quotations appear to be drawn from Ms. Shields' report, which speaks for itself. (Exhibit 3 to Complaint)

22. Denied. Answering further, on or about October 5, 2009, MIT unilaterally transferred Ms. Rice without her assent or that of the RDTEU, and denied her access to the Laboratory.

23. The investigatory report speaks for itself; otherwise, denied.

24. The document constituting the Oral Warning speaks for itself; otherwise, denied.

25. The RDTEU has no information regarding when this request was received by Moncton, and therefore denies this portion of the

allegation. Answering further, DiBeradinis' request appears to have been made on December 17, 2009. Otherwise, admitted.

26. As to the first sentence, the RDTEU has no information regarding this allegation and therefore denies same. As to the second sentence, admitted.

27. Admitted that members of the MITRSC, and others, met on January 11, 2010. Otherwise, denied.

28. Admitted.

29. Denied. Answering further, as far as the RDTEU is aware, the vote was for the recommendation, and was not a separate process. Answering further, three of the seven members of the MITRSC voted to maintain the disciplinary measure taken against Ms. Rice.

30. Denied. Answering further, the identified letter speaks for itself.

31. Admitted only that Ms. Rice remains employed by MIT as a Project Technician (EHS) and continues to work in restricted areas other than the Laboratory. Answering further, MIT's disciplinary actions against her have affected (inter alia) her duties, her work record, her professional reputation, and prospective employment opportunities in her area of concentration.

32. Admitted that Ms. Rice's rate of pay was not changed as a result of the actions taken against her. Otherwise denied. Answering further, the actions taken against her denied Ms. Rice certain benefits of her

collective bargaining agreement, including but not limited to the right to be free of discipline except for just cause.

33. Admitted.

34. Admitted.

35. As to the first sentence, the Agreement speaks for itself, and no reply is necessary. As to the second sentence, this is a legal argument to which no response is necessary.

36. As to this paragraph, the Agreement speaks for itself, and no reply is necessary.

37. Admitted. Answering further, the grievance speaks for itself.

38. Admitted.

39. Admitted.

40. Admitted. Answering further, the grievance speaks for itself.

41. Admitted.

42. As to the first sentence, admitted. As to the second sentence, denied insofar as it suggests that the RDTEU improperly expanded the scope of the grievance. Answering further, the grievance speaks for itself, and MIT has not raised any procedural arbitrability issue in the underlying proceeding. As to the third sentence, admitted.

43. Admitted.

44. This paragraph states a conclusion of law to which no response is necessary. Otherwise, admitted. Answering further, Article IV (inter

alia) of the Agreement provides an additional basis for the arbitrability of the grievance.

45. This paragraph states a conclusion of law to which no response is necessary. Otherwise, admitted. Answering further, Article IV (inter alia) of the Agreement provides an additional basis for the arbitrability of the grievance.

46. Denied. Answering further, the Laboratory is part of MIT, and is therefore bound by the Agreement. Answering further, Articles IV, XVIII, and XX (inter alia) of the Agreement provide a basis for the arbitrability of the grievance.

47. Denied. Answering further, the Laboratory is part of MIT, and is therefore bound by the Agreement. Answering further, Articles IV, XVIII, and XX (inter alia) of the Agreement provide a basis for the arbitrability of the grievance.

## COUNT I:  DECLARATORY JUDGMENT

48. The RDTEU restates its answers to paragraphs 1-47 as if stated herein.

49. This paragraph states a conclusion of law to which no response is necessary. Otherwise, denied. Answering further, the RDTEU denies that there is any legitimate controversy regarding the arbitrability of the grievance.

50. This paragraph states a conclusion of law to which no response is necessary.

51. This paragraph states a conclusion of law to which no response is necessary.  Otherwise, denied.

52. This paragraph states a conclusion of law to which no response is necessary, and/or an interpretation of the Agreement, which is for the Arbitrator to make in the first instance.  Otherwise, denied.

53. This paragraph states a conclusion of law to which no response is necessary.  Otherwise, denied.

54. This paragraph is a statement of relief sought by MIT to which no response is necessary.  Otherwise, denied.

## COUNT II:  INJUNCTIVE RELIEF

55. The RDTEU restates its answers to paragraphs 1-54 as if stated herein.

56. This paragraph is a statement of relief sought by MIT to which no response is necessary.  Otherwise, denied.

57. Denied.  Answering further, MIT concedes above that it must arbitrate the issue of the propriety of the transfer which was based upon access revocation, so the parties will present their cases as to that issue to the Arbitrator anyway.  Answering further, the parties will present the same witnesses and facts at arbitration regardless of MIT's argument

as to limitations on an appropriate remedy. Answering further, no harm, irreparable or otherwise, can result from participation in this bargained-for process.

58. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.
2. MIT has agreed to arbitrate the grievance and is required to do so under the terms of its collective bargaining agreement with the RDTEU.
3. MIT is required to arbitrate the grievance under the applicable law, including Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.
4. The relief sought would violate the strong public policy in favor of arbitrating labor disputes.
5. The Complaint is frivolous.
6. MIT cannot show it will suffer irreparable harm if it arbitrates the grievance, and therefore injunctive relief is inappropriate.
7. MIT cannot show that it is likely to prevail on the underlying grievance, and therefore injunctive relief is inappropriate.
8. To the extent that MIT seeks relief beyond the instant grievance, its claims are not ripe for adjudication.

PRAYER FOR RELIEF

WHEREFORE, defendant Research, Development, and Technical Employees Union respectfully request that the Court grant relief as follows:

A. Denying and dismissing MIT's claims, with prejudice;

B. Awarding such fees and costs as are appropriate under applicable law; and

C. Such other relief as justice may require.

          Respectfully submitted

          Research, Development, and Technical Employees Union

          By its attorneys,

          /s/ Mark A. Hickernell
          Mark A. Hickernell, BBO No. 638005
          McDonald, Lamond, Canzoneri and Hickernell
          153 Cordaville Road, Suite 320
          Southborough, MA 01772
          (508) 485-6600
          mhickernell@masslaborlawyers.com

Dated:  September 14, 2012

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District, District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Mark A. Hickernell